UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT J. KRESS, et al., | : | Case No. C-1-02-433 |
| | : | |
| Plaintiffs, | : | Judge Beckwith |
| | : | Magistrate Judge Sherman |
| v. | : | |
| | : | **DEFENDANT'S MEMORANDUM IN** |
| BROADWING INC., | : | **OPPOSITION TO PLAINTIFF'S** |
| | : | **MOTION TO COMPEL DISCOVERY** |
| Defendant. | : | |
| | : | |

## I.   INTRODUCTION

Plaintiffs, one an employee within the Finance and Accounting Department of Cincinnati Bell Telephone Company (Kress) and one an employee in the Internal Audit Department of Broadwing Inc. (Rolf), have filed suit alleging that they were discriminated against on the basis of age and disability when they were terminated from their respective companies as part of a November 29, 2001 reduction in force ("RIF"). As part of their discovery requests in this case, Plaintiffs have requested company-wide statistical information related to all Cincinnati Bell Telephone Company ("CBT") employees (approximately 3000) and all Cincinnati based Broadwing Inc. employees (approximately 100) at the time of the RIF. In response, Defendant objected on the grounds that this data is burdensome to produce and is irrelevant to this litigation, in that the selection process determining which specific individuals would be included in the RIF was made at the departmental level with no company-wide decisions regarding selections. Defendant has not objected to and, in fact, has provided extensive detail about the statistical demographics of the personnel in the relevant departments both before and after the RIF.

At an informal conference with the Court on this issue, Plaintiffs' counsel repeatedly represented to the Court that decision-making for the RIF selection involved persons at the highest level of management and that these decisions were made on a company-wide basis, rather than at the Departmental level, and that this was supported by deposition testimony. However, when one looks at all of the deposition citations relied upon by Plaintiffs, one looks in vain to find a single statement that supports the assertion that the decision-making for the RIF occurred at a company-wide level or that Mr. Ross and/or Mr. Keating participated in the selection decisions resulting in Plaintiffs' termination. Keating Dep. at 15, 23, 37, 39-40, 47-50, 59-60, 81; Ross Dep. at 34-40, 47-48. As the Court rightly noted during the informal conference, cases looking at just this issue in the context of discrimination cases have indicated that discovery of statistical data is generally limited to the unit and level where decisions were made.

Plaintiffs have pointed to the depositions of Brian Ross, Sr. Vice President for Finance and Accounting of CBT at the time of the RIF, and Brian Keating, Vice President for Human Resources and Administration of CBT at the time of the RIF, as supporting the proposition that decisions regarding what specific individuals would be selected for the RIF involved persons at the highest level of the various corporate entities impacted by the RIF.[1] However, Mr. Ross emphatically testified that while he was involved in developing certain budget goals for the RIF that were communicated throughout the various corporate entities involved in the RIF, he was not involved in the selection of either Mr. Rolf or Mr. Kress or any specific employee to be terminated in the RIF. Ross Dep. at 43 ("I think I was pretty much, in each department's case,

---

[1] It is important to note that both Mr. Ross and Mr. Keating were employees of CBT, as was Mr. Kress. CBT is not a corporate defendant currently before the Court. As CBT employees, their involvement, if any, in the selection decision related to Mr. Rolf's termination would have been even more attenuated, because Mr. Rolf was an employee of Broadwing Inc., not CBT.

2

reviewing the overall plan, but not making decisions on individual people."). Likewise, Mr. Keating testified that while his Human Resources office served as the funnel for selection information, once selections for termination were made, and while he provided training to those implementing the RIF, he was not involved in any selection decision regarding Mr. Rolf or Mr. Kress or any other specific CBT employee outside of the Human Resources Department. Keating Dep. at 59, 84 ("Q: And do you know whether or not you discussed Mr. Rolf's selection with Bob Coogan at all? A: Only in the sense of Mr. Coogan communicating to me that he had decided that he was going to reduce his audit staff and that Mr. Rolf was one of those reductions."). Both Mr. Keating and Mr. Ross clearly testified that specific selection decisions were made at the departmental level by the supervisors of the department, by Bob Coogan in the case of Mr. Rolf and by Gary Cornett in the case of Mr. Kress.

Since decisions regarding the RIF selection were made at the departmental level, broader discovery is irrelevant, unwarranted, designed to harass, and should be prohibited.

## II.   ARGUMENT

Plaintiffs appear to be arguing that not only is discovery under the Federal Rules of Civil Procedure broad, it simply has no limit. This is clearly not the law. As the Sixth Circuit has stated, the "desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Scales v. J.C. Bradford and Company*, 925 F.2d 901, 906-907 (6th Cir. 1990).

Plaintiff's reliance upon *Barnes v. GenCorp, Inc.*, 896 F.2d 1457 (6th Cir. 1999) for support of its broad discovery request is simply misplaced. While *Barnes* does indicate that **appropriate** statistical data may be used to make a prima facie case of discrimination, it says nothing about the scope of the discovery allowable for that data. Presumably, "appropriate

statistical data" would be data that is actually relevant to the claims before the Court.  In this case, that would be data relevant to the population of employees at the level where RIF selections were made – the departmental level, not company-wide data as Plaintiffs contend.

Based on the allegations in Plaintiffs' Complaint, Defendant has provided relevant data that would allow Plaintiffs to properly examine the relevant departments where the selections of Mr. Kress and Mr. Rolf were made.  Courts have consistently recognized that discovery about other employees, in the discrimination context, should be limited to those employees who are similarly situated to the plaintiff.  See, e.g., *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508 (D. Minn. 1997) (citing *Ardrey v. United Parcel Svc.,* 798 F.2d 679 (4th Cir. 1986)); *Pierce v. Commonwealth Life Ins.Co.*, 40 F.3d 796, 802 (6th Cir. 1994) (plaintiff must show "that all the relevant aspects of [her] employment situation are '**nearly identical**' to those of the [other employees'] employment situation"); see also *Smith v. Stratus Computers, Inc.*, 40 F.3d 11, 17 (1st Cir. 1994), cert. denied, 514 U.S. 1108, 155 S.Ct., 1958 (1995).

Further, in cases factually indistinguishable from the case at bar, courts have held that it is proper to limit discovery to the employment unit where relevant decisions were made.  *Scales*, 925 F.2d at 906-07; *see also Earley v. Champion International Corp.,* 907 F.2d 1077, 1084 (11th Cir. 1990); *Mims v. Electronic Data Systems Corp.*, 975 F. Supp. 1010, 1018 (E.D. Mich. 1997); *Cisko v. Commonwealth Edison Company*, 1995 U.S. Dist. LEXIS 3258 at *2-*5 (N.D. Ill. March 15, 1995); *In re Western Dist. Xerox Litigation*, 140 F.R.D. 264, 269-70.  In these cases, the court found that discovery of statistical employee data should be limited to the unit or level where the relevant decisions were actually made, rather than allowing company-wide discovery.

In *Scales*, for example, plaintiff sought discovery of payroll records for all J.C. Bradford employees for a five-year period.  Bradford had approximately 1000 employees company-wide,

approximately one-third of the number of employees about which Plaintiffs in this case seek statistical data. 925 F.2d at 906. The district court limited plaintiff's discovery request to the actual employment unit in which she worked and to the time period in which she was employed in that unit. *Id.* at 906. The Sixth Circuit upheld the decision of the trial court, stating, in reliance on *Earley*, "[w]here, as here, the employment decisions were made locally, discovery may be properly limited to the employing unit." *Id.* at 906-07.

While Plaintiffs have attempted to obfuscate the record in this case regarding the actual selection decisions that are complained about in the Complaint, it is undisputed that the selection decision resulting in the termination of Mr. Rolf was made at the departmental level by the head of the Internal Audit Department, Bob Coogan, and that the selection decision related to Mr. Kress was made at the departmental level by the head of the Accounting Department, Gary Cornett. Nothing in any of the depositions taken in this case, including the pages from the depositions of Mr. Keating and Mr. Ross cited by Plaintiffs in support of their motion to compel, support the assertion by Plaintiffs that Mr. Keating and/or Mr. Ross were involved in the decision to select either Mr. Rolf or Mr. Kress for termination. Keating Dep. at 15, 23, 37, 39-40, 47-50, 59-60, 81; Ross Dep. at 34-40, 47-48.

Defendant has provided Plaintiffs with extensive statistical data regarding the departments where each of the Plaintiffs worked, allowing Plaintiffs the opportunity to develop whatever relevant statistical evidence exists. The Court should not allow Plaintiffs to force the

Defendant to create or provide data on over 3000 employees when such data is clearly irrelevant to the issues before the Court.

                                                      Respectfully submitted,

                                                      /s/ Jack B. Harrison
                                                  Jack B. Harrison (0061993)
                                                  Robert A. Dimling (0020349)
                                                  FROST BROWN TODD LLC
                                                  2200 PNC Center
                                                  201 East Fifth Street
                                                  Cincinnati, Ohio 45202
                                                  (513) 651-6800
                                                  (513) 651-6981 (fax)

                                                  Attorneys for Defendant Broadwing, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2003, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                        /s/ Jack B. Harrison

CinLibrary/1322173.1